**Confidential**

WEEK ENDING: August 5, 2000
SALES CURRENT WEEK: 165,891.40  4370
SALES PREVIOUS WEEK: _____
PAYROLL CURRENT WEEK: 86,464.64  5370
PAYROLL PREVIOUS WEEK: _____
Without overcharges 162,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

| DEPT. | # EMP. | HOURS | WAGE | O.T. HRS. | WAGE | SICK LEAVE HRS | WAGE | HOLIDAY HRS | WAGE | BONUS | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EXECUTIVES | 2 | | 3500.00 | | | | | | | | 3500.00 |
| OFFICE | 2 | 3334 | 1272.52 | | | | | | | | 1272.52 |
| SUPERVISORS | 8 | 120 | 2303.82 | 51.62 | 98.61 | | | | | | 6282.83 |
| MAINTENANCE | 3 | 104¼ | 3077.44 | 25.12 | 413.45 | | | | | | 3490.89 |
| SUB TOTAL | 17 | 258 | 13,353.48 | 80 | 199.46 | 20.00 | | | | | 14,552.94 |
| FLAT | 23 | 689.0 | 3981.63 | 93.2 | 846.12 | 32 | 193.00 | 16 | 96.00 | | 4621.75 |
| PRESS | 2 | 72 | 452.00 | 2 | 48.15 | | | | | | 500.15 |
| SOIL | 49 | 1142 | 1008.939 | 331 | 2657.78 | 205 | 40 | 30 | | | 13,337.60 |
| WASH | 3 | 199½ | 1372.25 | 43¾ | 427.19 | | | | | | 1794.41 |
| DRYERS | 11 | 264¾ | 2490.50 | 68¾ | 714.40 | | | | | | 3204.90 |
| DRIVERS | 11 | 289½ | 3663.15 | 52¾ | 596.38 | | 876.00 | | | | 7135.03 |
| RD.HDRS | 2 | 56 | 316.08 | 2½ | 20.63 | | | | | | 336.63 |
| SUB TOTAL | 103 | 2595 | 27,859.74 | 5961.75 | 4793.06 | | | | | | 49,141.13 |
| GRAND TOTAL | 120 | 9595.94 | 41,593.93 | 5519.44 | 4253.71 | | | | | | 86,464.64 |

EXHIBIT A

# UP-TO-DATE LAUNDRY, INC.

Schedules of Costs of Revenue
For the Years Ended December 31, 2001 and 2000
(See Accountant's Review Report)

|  | 2001 Amount | 2001 % To Revenues | 2000 Amount | 2000 % To Revenues |
|---|---:|---:|---:|---:|
| **DIRECT LABOR:** | | | | |
| Supervisors | $ 348,206 | 4.04% | $ 268,141 | 3.29% |
| Washroom | 106,867 | 1.24 | 114,949 | 1.41 |
| Soil room | 526,265 | 6.10 | 566,831 | 6.96 |
| Flat work | 1,911,281 | 22.17 | 2,098,044 | 25.75 |
| Scale | 22,125 | 0.25 | - 0 - | 0.00 |
| Dryers | 196,997 | 2.29 | 197,788 | 2.43 |
| Press | 26,259 | 0.30 | 27,529 | 0.34 |
| Porter | 35,259 | 0.42 | 29,382 | 0.36 |
| Casual labor | 326 | 0.00 | 6,443 | 0.08 |
| Voucher payrolls | 3,740 | 0.04 | 5,014 | 0.06 |
| | 3,177,325 | 36.85 | 3,314,120 | 40.68 |

ALL-STATE LEGAL® EXHIBIT B

IN THE UNITED STATES DISTRICT COURT{PRIVATE }
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, ET AL{PRIVATE }. <br><br> Plaintiffs, <br><br> v. <br><br> UP-TO-DATE LAUNDRY, INC., ET AL. <br><br> Defendants. | Civil Action No. S01-2257 |

## NOTICE OF ISSUANCE OF SUBPOENA

TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that on this date, plaintiffs have issued a subpoena in the above-styled case for a deposition and for document production, copies of which are attached, to the following person:

> Custodian of Records
> Weyrich, Cronin & Sorra, Chartered
> 1301 York Road
> Suite 800
> Lutherville, MD  21093

The Custodian of Records will be commanded to produce the documents requested in the subpoena attached hereto as Tab A on February 21, 2003 at 10:00 a.m. at the offices of undersigned counsel.


EXHIBIT C

_/s/ Philip J. Simon_
Philip J. Simon, 012893
Richard A. Salzman
Douglas B. Huron
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN
1730 M Street, N.W., Suite 412
Washington, DC 20036-4505
(202) 293-8090
(202) 293-7110 (f)

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

Plaintiffs' Notice of Issuance of Subpoena was served on January 31, 2003 by first-class mail postage-prepaid upon:

Jeanne M. Phelan
Whiteford, Taylor & Preston
Seven Saint Paul Street
Baltimore, MD 21202-1626

_/s/ Philip J. Simon_
Philip J. Simon

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ MARYLAND

| MELVIN NEWSOME, ET AL. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| UP-TO-DATE LAUNDRY, INC. ET AL. | Case Number:[1] S01-2257 |

TO: Custodian of Records / Weyrich, Cronin & Sorra, Chartered
1301 York Road, Suite 800
Lutherville, MD 21093

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC<br>1730 M Street, NW, Suite 412, Washington, DC 20036 | 2/21/2003 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment A

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Philip J. Simon    ATTORNEY FOR PLAINTIFFS | 1/31/2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Philip J. Simon / Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC
1730 M Street, NW, Suite 412, Washington, DC 20036  Tel. (202) 293-8090

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT A

For the purpose of this Subpoena, the term "documents" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

> 'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

"Documents" thus includes, but is not limited to, any and all writings whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

The term "document" as used in these requests embraces all documents within your possession, custody or control, or the possession, custody or control, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, any electronic or computer medium containing information convertible into a written document and any transcription of such electronic or computer medium (e.g., e-mail and other documents produced using a computer). A copy of a document on which any notations have been made is to be considered a separate document.

In accordance with the attached subpoena, please produce the following documents:

1. All Balance Sheets for Up to Date Laundry Inc. from February 28, 2002 to the present, prepared by Weyrich, Cronin and Sorra.

2. All Profit and Loss Statements for Up to Date Laundry Inc. from February 28, 2002 to the present, prepared by Weyrich, Cronin and Sorra.

3. Each and every preliminary draft or tentative draft of any Year-End calculations, statements, balance sheets or profit and loss statements for Up to Date Laundry Inc. pertaining to the year 2002 prepared by Weyrich, Cronin and Sorra.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>UP-TO-DATE LAUNDRY, INC., ET AL.<br><br>Defendants. | Civil Action No. S01-2257 |

## NOTICE OF ISSUANCE OF SUBPOENA FOR DEPOSITION

TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that on this date, plaintiffs have issued a subpoena in the above-styled case for a deposition and for document production, copies of which are attached, to the following person:

George Moniodis
St. Agnes Health Care
900 Caton Ave.
Baltimore, MD 21229

The deposition of George Moniodis will be held at the law offices of Heller, Huron, Chertkof, Lerner, Simon & Salzman, 1730 M Street, N.W., Suite 412, Washington, D.C. 20036, on March 13, 2003 at 10:00 AM or such other times and dates as the parties mutually agree. The deposition shall be recorded by stenographic means before a duly authorized officer. The deposition will continue from day to day, Saturdays, Sundays and holidays excluded, or upon such other dates and times as mutually agreed upon, until completed.

Respectfully submitted,



*[signature]*
Philip J. Simon, 012893
Richard A. Salzman
Douglas B. Huron
Betty Grdina, 15647
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN
1730 M Street, N.W., Suite 412
Washington, DC  20036-4505
(202) 293-8090
(202) 293-7110 (f)

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Depositions was served on February 20, 2003 by first-class mail, postage-prepaid, and facsimile upon:

Jeanne M. Phelan
Whiteford, Taylor & Preston
Seven Saint Paul Street
Baltimore, MD  21202-1626
410-752-7092 (facsimile)

*[signature]*
Philip J. Simon

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ MARYLAND

| MELVIN NEWSOME, ET AL. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| UP-TO-DATE LAUNDRY, INC., ET AL. | Case Number:[1] S01-2257 |

TO: George J. Moniodis
St. Agnes Health Care
900 Caton Avenue, Baltimore, MD 21229

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC 1730 M Street, NW, Suite 412, Washington, DC 20036 | 3/13/2003 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 2/20/2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Philip J. Simon / Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC
1730 M Street, NW, Suite 412, Washington, DC 20036   Tel. (202) 293-8090

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
              DATE                    SIGNATURE OF SERVER

                                      _____
                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## MONIODIS SUBPOENA ATTACHMENT A

### INSTRUCTIONS

For the purpose of this Subpoena, the term "documents" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

"Documents" thus includes, but is not limited to, any and all writings whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

The term "document" as used in these requests embraces all documents within your possession, custody or control, or the possession, custody or control, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, any electronic or computer medium containing information convertible into a written document and any transcription of such electronic or computer medium (e.g., e-mail and other documents produced using a computer). A copy of a document on which any notations have been made is to be considered a separate document.

If any information or document is withheld from your response on grounds of any privilege or objection, you shall describe in full the nature of the information or document withheld and provide a detailed explanation of the basis for any claim of privilege or objection.

In accordance with the attached subpoena, please produce the following documents:

### REQUESTS FOR DOCUMENTS

1.   Please produce any and all documents, including notes and minutes, which relate in any way to any meetings of any Advisory Board or Advisory Committee upon which you have served with respect to Up-To-Date Laundry Inc. for the time period from January 1, 1997 to the present.

1

2. Please produce any and all documents which relate in any manner to any allegations of discrimination or harassment made by any employee against Up-To-Date Laundry Inc. and/or Nancy Stair, Bradley Minetree or David Minetree.

3. Please produce any and all documents which relate in any manner to the formation or duties or responsibilities of any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present.

4. Please produce any and all documents which relate in any manner to any actions taken by you or by any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present, concerning the discipline of any employees or officers of Up-To-Date Laundry Inc.

5. Please produce any and all documents which relate in any manner to any role played by you or actions taken by you or any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present, concerning the hiring of any managerial or supervisory employees of Up-To-Date Laundry Inc.

6. Please produce any and all documents, including but not limited to, notes, preliminary drafts, revisions to the Agreement, any related or subsequent Agreements, and any status reports pursuant to ¶A.2.(a), which relate in any manner to the Agreement you signed on May 18, 2000 concerning David Minetree, Bradley Minetree and Nancy Stair.

7. Please produce any and all documents which relate in any manner to the role played by the William S. Stair Trust in the management or direction of Up-To-Date Laundry Inc. from January 1, 1997 to the present.

8. Please produce any and all documents which relate in any manner to any actions taken by the William S. Stair Trust with respect to any allegations of discrimination or

harassment made by any employee at Up-To-Date Laundry Inc. from January 1, 1997 to the present.

    9.    Please produce any and all documents which relate in any manner to the role played by the William S. Stair Trust in the hiring, firing, or discipline of any employees or officers of Up-To-Date Laundry Inc. from January 1, 1997 to the present.

    10.    Please produce any and all documents which relate in any manner to the role played by the William S. Stair Trust in any decisions concerning any operations, cost control, loans, investments, or purchases of equipment at Up-To-Date Laundry Inc. from January 1, 1997 to the present.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>UP-TO-DATE LAUNDRY, INC., ET AL.<br><br>Defendants. | Civil Action No. S01-2257 |

## NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENTS

TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that on this date, plaintiffs have issued a subpoena in the above-styled case for document production, a copy of which is attached, to the following person:

- Allen Betten
  Kandel, Klitenic, Kotz, Betten & Chernow, LLP
  502 Washington Avenue, Suite 200
  Towson, MD 21204

The documents are to be produced at the law offices of Heller, Huron, Chertkof, Lerner, Simon & Salzman, 1730 M Street, N.W., Suite 412, Washington, D.C. 20036, on March 13, 2003 at 10:00 AM or such other times and dates as the parties mutually agree.

Respectfully submitted,


EXHIBIT E

_/s/ Betty Grdina_
Philip J. Simon, 012893
Richard A. Salzman
Douglas B. Huron
Betty Grdina, 15647
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN
1730 M Street, N.W., Suite 412
Washington, DC  20036-4505
(202) 293-8090
(202) 293-7110 (f)

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Issuance of Subpoena was served on February 20, 2003 by first-class mail, postage-prepaid, and facsimile upon:

Jeanne M. Phelan
Whiteford, Taylor & Preston
Seven Saint Paul Street
Baltimore, MD  21202-1626
410-752-7092 (facsimile)

_/s/ Betty Grdina_
Betty Grdina

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____   DISTRICT OF _____ MARYLAND

| | |
|---|---|
| MELVIN NEWSOME, ET AL.<br>V.<br>UP-TO-DATE LAUNDRY, INC., ET AL. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] S01-2257 |

TO: Alan Betten / Kandel, Klitenic, Kotz, Betten & Chernow, LLP
502 Washington, Avenue, Suite 200
Towson, MD 21204

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC<br>1730 M Street, NW, Suite 412, Washington, DC 20036 | 3/13/2003 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ | 2/20/2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Philip J. Simon / Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC
1730 M Street, NW, Suite 412, Washington, DC 20036   Tel. (202) 293-8090

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## BETTEN SUBPOENA ATTACHMENT A

## INSTRUCTIONS

For the purpose of this Subpoena, the term "documents" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

> 'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

"Documents" thus includes, but is not limited to, any and all writings whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

The term "document" as used in these requests embraces all documents within your possession, custody or control, or the possession, custody or control, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, any electronic or computer medium containing information convertible into a written document and any transcription of such electronic or computer medium (e.g., e-mail and other documents produced using a computer). A copy of a document on which any notations have been made is to be considered a separate document.

If any information or document is withheld from your response on grounds of any privilege or objection, you shall describe in full the nature of the information or document withheld and provide a detailed explanation of the basis for any claim of privilege or objection.

In accordance with the attached subpoena, please produce the following documents:

## REQUESTS FOR DOCUMENTS

1. Please produce any and all documents, including notes and minutes, which relate in any way to any meetings of any Advisory Board or Advisory Committee upon which you have served with respect to Up-To-Date Laundry Inc. for the time period from January 1, 1997 to the present.

1

2. Please produce any and all documents which relate in any manner to the formation or duties or responsibilities of any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present.

3. Please produce any and all documents which relate in any manner to any actions taken by any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present, concerning the discipline of any employees or officers of Up-To-Date Laundry Inc.

4. Please produce any and all documents which relate in any manner to any role played by, or actions taken by, any Advisory Board or Advisory Committee for Up-to-Date Laundry Inc. from January 1, 1997 to the present, concerning the hiring of any managerial or supervisory employees of Up-To-Date Laundry Inc.

5. Please produce any and all documents, including but not limited to, notes, preliminary drafts, revisions to the Agreement, any related or subsequent Agreements, and any status reports pursuant to ¶A.2.(a), which relate in any manner to the Agreement you signed on May 18, 2000 concerning David Minetree, Bradley Minetree and Nancy Stair.

2