IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

MELVIN NEWSOME, ET AL.

    Plaintiffs,

    v.

UP-TO-DATE LAUNDRY, INC., ET AL.

    Defendants.

Civil Action No. S01-2257

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO EXCEED LIMITS ON INTERROGATORIES AND DOCUMENT REQUESTS**

    Defendants' response contains both damaging admissions and omissions that underscore why the requested discovery should be allowed.  Since Defendants have withdrawn their opposition to Document Request No. 33, only four discovery requests are at issue.  As explained in plaintiffs' motion and as detailed below, the motion for supplemental discovery should be granted.

    <u>Document Request No. 32</u>.  UTD's "Payroll Summary Department Reports" reports are calculated to lead to the discovery of admissible evidence and they are neither duplicative nor burdensome to produce.

    It is too late for Defendants to claim that these documents are not relevant within the meaning of Rule 26 since they already have waived that objection by producing dozens of such weekly reports.  The belated claim that this production was "inadvertent" (a claim which must be disregarded since it is unsupported by any affidavit) is undermined by the fact that they produced six reports from 1999, thirty-four reports covering the period from March through December 2000 and a report from 2001.  It is plain that the quantity of reports alone and the fact that they were produced in chronological order rebuts Defendants' claim that this was just so-called "inadvertent production."  Thus, Defendants' relevance objections have been waived.

These are unique reports, reviewed on a weekly basis by the company's CEO and President, because they admittedly contain "key" financial data. Deposition of Brad Minetree at 71-72 (attached hereto as Tab A). Plaintiffs should be given the same opportunity as Defendants have had to review this data. The reports contain relevant data that is not provided in the same format in any of the documents referred to by Defendants, including payroll summaries, employee time cards and attendance records, and financial reports, as discussed below:

- Number of employees and employees listed by Department. No document listed by Defendants contains the total number of employees or total employees by Department on a weekly basis. These numbers provide an overview about how many employees worked for the company at what times and where they worked. In a class-action complaint such as this one alleging discrimination in five departments, that type of background information is well within the scope of Rule 26. Plaintiffs have alleged discrimination on the basis of job assignments, Defendants have denied those claims and these documents allow Plaintiffs to examine that issue. The documents also list "new hires" and Defendants have claimed that the workforce undergoes constant turnover. These documents also allow Plaintiffs to explore that issue.

- Bonuses. No document cited by Defendants lists bonuses as broken down by Department. On this issue, it is undisputed that Plaintiffs should be allowed to inquire into how the company has paid bonuses to its employees in the past and especially since this lawsuit was filed. Potential bias is always relevant, discoverable and admissible. *Behler v. Hanlon*, 199 F.R.D. 553, 556-57 (D.Md. 2001).

- Regular and overtime hours, broken down by Department. No document cited by Defendants contains this type of information by department. Plaintiffs have alleged that Defendants have discriminated on the basis of overtime hours and Defendants similarly have denied those claims. Defendants' expert Murray Simpson contends in his report that Plaintiffs' expert analysis on overtime is faulty, citing a number of alleged concerns, including an alleged failure to conduct an analysis of overtime by department. Plaintiffs should be given the opportunity to explore and test Defendants' denials and the contentions of its expert witness.

- Labor costs. No documents cited by Defendants lists labor costs (or sales divided by payroll) on a weekly basis. Defendants, including CEO Nancy Stair, have stated that Hispanics are better workers than African-Americans and also that blacks "don't want to do any work." It is self-evident that plaintiffs should be allowed to test these claims and these documents could contain information that plaintiffs could use in that effort. Defendants also have claimed that labor costs have increased and these documents list labor costs. Defendants admit that the reports could be relevant to Plaintiffs' damages claims and that recent finance records are relevant for punitive damages. Indeed, they

2

point out in Footnote 4 that they would produce responsive financial documents for an eighteen month period. Since that date, Defendants have agreed to further supplement their financial document production. That same reasoning applied here leads to the inescapable conclusion that Defendants also should produce "Payroll Summary Department Reports" for, at a minimum, an equivalent time period.

Finally, Defendants' burdensomeness claims are meritless. They concede that the reports are only one page in length and they make no attempt to explain why production would be burdensome. Unparticularized claims of burden are insufficient and should not be credited. *Marens v. Carabba's Italian Grill Inc.*, 196 F.R.D. 35, 38-39 (D. Md. 2000).[1]

**Document Request No. 33**. Only after this motion was filed, Defendants have now agreed to produce the requested documents.

**Document Request No. 35**. Defendants do not provide a reasoned response to avoid answering this question. They do not contest that the request is calculated to lead to the discovery of admissible evidence and is not burdensome. It also is significant that the request is not duplicative of any request asked to Defendants themselves. The fact that Plaintiffs are seeking documents from a third party source does not mean that they cannot also seek them from the company. (Indeed, the third party has objected to the subpoena duces tecum and Defendants may be the only source of such documents.) Defendants' assertion that Plaintiffs have failed to respond to discovery is a non-sequitor and provides no basis upon which to object to this request. In fact, Plaintiffs have provided responsive discovery and Defendants mislead the Court by stating otherwise. In any event, Defendants' argument flies in the face of the Local Rules which

---

[1] Defendants' claim that they have "not undertaken a search for these documents" and that such documents "may no longer exist" misleads the Court and foreshadows a claim that such reports will be missing. As noted above, these reports exist and, prior to Plaintiffs' motion, Defendants' only written response on February 11, 2003 was that "it has no obligation to produce" them. President Minetree also admits the company keeps these reports. Dep. of Brad Minetree at 72.

3

provide that "the existence of a discovery dispute as to one matter does not justify delay in taking any other discovery."

**Document Request No. 36**.  Defendants do not contest that the request is calculated to lead to the discovery of admissible evidence and is not burdensome.  Contrary to Defendants' assertion, it also is not duplicative of any request asked to the company itself.  Defendants cannot claim duplication based on Plaintiffs' requests for documents from third parties.

**Interrogatory No. 28**.  Plaintiffs have assembled a database based on company records that they believe is accurate and Plaintiffs' expert has used this database to perform his statistical analysis.  Defendants' expert, Mr. Simpson, has criticized Plaintiffs' expert report but Mr. Simpson does not assert that the database is wrong.  In Plaintiffs' recent Requests for Admissions Nos. 1 and 2 and in Interrogatories No. 27 and 28, Plaintiffs are trying to reach a formal agreement on the accuracy of the database so that it will not be an issue at trial and the parties can instead focus on the merits of the statistical analysis.  Thus, the burden of the proposed interrogatory is far outweighed by its benefit.

For the foregoing reasons, Defendants should be required to respond to the four remaining discovery requests listed above.

                                          Respectfully submitted,

Philip J. Simon, #12893
Richard A. Salzman
Douglas B. Huron
Betty Grdina, #15647
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN
1730 M Street, N.W., Suite 412
Washington, DC  20036-4505
(202) 293-8090

4

Counsel for Plaintiffs