UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 24, 2003

RE: <u>Newsome, et al., v. Up-To-Date Laundry, Inc., et al.</u>, S-01-2257

MEMORANDUM FOR COUNSEL

Dear Counsel:

    This case has been referred to me for the resolution of discovery disputes pursuant to 28 U.S.C. §636(b) and Local Rule 301. Currently pending are plaintiffs' Motion for Leave to Exceed Limits on Interrogatories and Document Requests, defendants' opposition, and plaintiffs' reply. (Paper Nos. 36, 40, and 41). Under Federal Rule of Civil Procedure 33, the number of interrogatories is limited to 25, and by local rule the number of document requests is limited to 30. The court, however, in its discretion may grant leave to exceed these limitations. LR 104.1; Fed. R. Civ. P. 33(a). Plaintiffs request leave to exceed the discovery limits in order to propound three additional document requests and one additional interrogatory.[1] For the reasons stated below, the plaintiffs' motion is granted in part and denied in part.

    In Document Request No. 32, plaintiffs seek "payroll summary department reports" for January 1, 1998 through the present. (Paper No. 36 at 5). Plaintiffs state that these reports are relevant to both liability and damages. (<u>Id.</u>). In response, defendants argue production would be burdensome and that the information contained in these reports can be obtained more easily from other discovery already produced. (Paper No. 40 at 3-5). The court accepts plaintiffs' arguments concerning the relevance of these documents because the documents contain information concerning payroll and the payment of wages and this case involves allegations that African-American employees were paid lower wages by defendants than other employees. While defendants argue that the information plaintiffs seek is more readily available from other sources, that determination is not for the defendants to make. The documents sought by Request No. 32 are relevant and the request appears to be sufficiently limited so as to avoid any undue burden. Based upon the entire record, the document request is warranted and will be allowed.

    In Document Request No. 35, plaintiffs seek discovery concerning defendants' expert witnesses. (Paper No. 36 at 6). In their opposition, defendants argue that plaintiffs failed to respond to an identical request made by defendants and that plaintiffs' request is duplicative because plaintiffs seek similar materials by way of a subpoena. (Paper No. 40 at 7). That plaintiffs have not produced materials similar to those

---

[1] Plaintiffs' original motion included an additional document request (Request No. 33); defendants no longer oppose that document request. Accordingly, the four discovery requests noted herein remain at issue.

Memorandum to Counsel
Newsome, et al., v. Up-To-Date Laundry, Inc., et al., S-01-2257
March 24, 2003
page 2

they seek is irrelevant to the question of whether plaintiffs should be allowed additional discovery.[2] Similarly, the fact that plaintiffs are seeking some of the information by way of subpoena from defendants' expert does not preclude plaintiffs from seeking the information from defendants. Since the information sought is relevant and appropriately tailored to avoid undue burden, the request will be allowed.

Document Request No. 36 seeks information concerning an agreement between defendants and some of their advisors.[3] (Paper No. 36 at 6). While the exact nature of this agreement is unclear, defendants do not contest its relevance. Instead, defendants argue that plaintiffs should not be allowed to seek this information by way of a document request because plaintiffs have also sent subpoenas to non-parties seeking information about the agreement. (Paper No. 40 at 8). As noted above, the plaintiffs use of subpoenas to third parties does not affect the plaintiffs' request for discovery from the defendants. Document Request No. 36 will be allowed.

Interrogatory No. 28 concerns a database created by plaintiffs' expert which is derived from a large volume of defendants' corporate records. Through Interrogatory No. 28, plaintiffs request that defendants verify the accuracy of the database by specifying which data is incorrect and providing the correct information. (Paper No. 36 at 7-8). Clearly, because plaintiffs created the database and are aware of the source documents, it would be more difficult for defendants to confirm the accuracy of the database than it would for plaintiffs to do so. The situation is similar to that envisioned by Federal Rule of Civil Procedure 33(d), which allows a party to shift the burden of obtaining an answer where the burden of doing so would be equal for both the party requesting the information and the party receiving the request. Because plaintiffs are in a better position to verify the accuracy of their own database, the court will deny plaintiffs' request for leave to propound Interrogatory No. 28.

Accordingly, plaintiffs' Motion for Leave to Exceed Limits on Interrogatories and Document Requests (Paper No. 36) is granted as to Document Request Nos. 32, 33, 35, and 36, but denied as to Interrogatory No. 28. Despite the informal nature of this letter, it will constitute an order of the Court and will be docketed accordingly.

Thank you for your attention to this matter.

Sincerely,

/s/

---

[2] It should also be noted that defendants have not filed a motion to compel.

[3] Defendants refer to this as Document Request No. 38. While the actual number of the request is unclear, both parties state that they are concerned with the document request as described here. For clarity, the court will refer to this as Request No. 36.

Memorandum to Counsel
<u>Newsome, et al., v. Up-To-Date Laundry, Inc., et al.</u>, S-01-2257
March 24, 2003
page 2

                                                       Beth P. Gesner
                                                       United States Magistrate Judge