UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UP-TO-DATE LAUNDRY, INC., et al.<br><br>Defendants. | Civil Action No. S01-2257 (WDQ) |

**DECLARATION OF DOUGLAS B. HURON**

1. I am a partner in Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC, a law firm in Washington, D.C. that specializes in representing plaintiffs in employment cases. Our firm represents the five named plaintiffs in this action and would also represent the plaintiff class, if the Court grants plaintiffs' motion for class certification.

2. I am one of four lawyers from our firm who are working on this case. The other three are Philip J. Simon, Richard A. Salzman and Betty Grdina. Together, we have about 70 years of experience handling employment cases, including class actions.

3. I graduated from Swarthmore College in 1967 and from the University of Chicago Law School in 1970.

4. Following graduation from law school, I began working for the Civil Rights Division of the Department of Justice. I remained with Justice for nearly six years and attained the position of Senior Trial Attorney, GS-15, before resigning in April 1976. For the balance of 1976 I was counsel to the Carter for President Committee, and from January 1977 through January 1981 I was employed in the White House where I served as Senior Associate Counsel to President Carter. In February 1981 I entered private practice.

5. I was admitted to practice in the District of Columbia in November 1970. I am also a member of the bars of the United States Courts of Appeals for the Fourth and the District of Columbia Circuits, as well as the United States Supreme Court.

6. I have substantial experience in the litigation of complex personnel matters. During my tenure at the Department of Justice, I worked at both the trial and appellate levels in preparing and litigating "pattern or practice" cases under Title VII of the Civil Rights Act of 1964 and other laws proscribing discrimination in employment. Cases in which I had lead responsibility include <u>NAACP and United States v. Allen</u>, 340 F. Supp. 703 (M.D. Ala. 1972), which resulted in the desegregation of the Alabama State Troopers; <u>United States v. Frazer</u> (M.D. Ala.), which desegregated the remaining Alabama agencies; and <u>United States v. Plumbers Local 24, et al.</u>, 364 F. Supp. 808 (D.N.J. 1973), which opened several building trades unions in the Newark, New Jersey area to black and Hispanic workers. In addition, I successfully defended the Alabama State Trooper desegregation order on appeal in the old Fifth Circuit, 493 F.2d 614 (5th Cir. 1974), and I wrote the government's brief in <u>United States v. Bethlehem Steel Corp.</u>, 446 F.2d 652 (2d. Cir. 1971), the first major Title VII case aimed at northern industry. I was also responsible for the preparation and litigation of <u>United States v. United Airlines, Inc.</u> (N.D. Ill.), a nationwide suit charging United with discrimination based on race, national origin and sex at all corporate facilities and in most job classifications. The case was filed in 1973 and settled in 1976 following presentation of the government's case-in-chief.

7. While at the White House from January 1977 through January 1981, I did not litigate cases but was responsible for overseeing the judicial defense of certain Presidential programs, including coordinating the activities of the Departments of Justice, Energy and Treasury in litigation in the spring of 1980 involving the Petroleum Import Adjustment Program.

8. Since entering private practice in February 1981, I have concentrated on employment litigation. For example, I was co-counsel for the plaintiff in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), on remand, 737 F. Supp. 1202 (D.D.C. 1990), aff'd, 920 F.2d 967 (D.C. Cir. 1990), which resulted in the first (and still the only) court-ordered admission into partnership under Title VII. I served as co-counsel for the plaintiffs and argued the appeals in Arthur Young v. Sutherland, 631 A.2d 359 (D.C. 1993), which established the availability of punitive damages under the District of Columbia Human Rights Act; in Russell v. Microdyne Corp., 65 F.3d 1229 (4th Cir. 1995), which imposed constraints on an employer's use of after-acquired-evidence; and in Bishopp v. District of Columbia, 788 F.2d 781 (D.C. Cir. 1986), which found that the District had engaged in racial discrimination in filling the second highest position in its Fire Department. I also worked with my partner Richard Salzman on Gardner v. Benefits Communications Corp., 175 F.3d 155 (D.C. Cir. 1999), which defeated the employer's attempt to have the case sent to arbitration.

9. Since entering private practice, I have represented employees in a number of class actions, all of which ultimately settled. They include Moten v. Chairman, Federal Energy Regulatory Commission (EEOC), involving a class of African-American professionals who had been denied promotional opportunities at FERC; Velasquez v. Director, National Security Agency (D. Md.), a suit on behalf of a class of Hispanic professional employees at NSA; and Muniz v. Administrator, Drug Enforcement Administration (D.D.C.), involving a class of Hispanic law enforcement agents at DEA. I have also worked at the remedial stage in two class actions on behalf of female professionals, Hartman v. Powell (D.D.C.), involving women at the United States Information Agency; and Chewning v. Edwards (D.D.C.), challenging EEO practices within the predecessor agencies of the Department of Energy. In addition to working on employment litigation, I also served as local counsel for plaintiffs in Kjeldahl v. Block (D.D.C.), a nationwide class action on behalf of farmers eligible for economic emergency

loans, which resulted in an order requiring the Secretary of Agriculture to make available $600 million in such loans to members of the plaintiff class.

10. I am a Fellow of the College of Labor and Employment Lawyers. I have served as an adjunct professor with Georgetown University Law Center, teaching a course in Equal Employment Opportunity Law, and have served as a mediator for the United States District Court for the District of Columbia, where I have mediated several cases involving employment issues. I have published articles on employment law in the Washington Post and in trade journals.

11. Philip Simon is a partner in Heller, Huron, Chertkof, Lerner, Simon & Salzman. He graduated from the University of Michigan in 1983 and from New York University Law School, where he was a Root-Tilden-Snow scholar and Associate Editor of the Review of Law and Social Change, in 1990.

12. Following graduation from law school, Mr. Simon clerked for Chief Judge Thomas A. Wiseman, Jr. of the United States District Court for the Middle District of Tennessee. He is a member of the District of Columbia, Maryland and Virginia bars, and is an active member of the pro bono panel for Northern Virginia Legal Services.

13. Except for his clerkship, Mr. Simon has spent his entire legal career representing plaintiffs in employment cases, many of which have resulted in favorable settlements. He was the lead counsel and argued the appeal in King v. Briggs, 83 F.3d 1384 (Fed. Cir. 1996), which upheld a decision that a Federal employee had been unlawfully terminated. He was co-counsel during the jury trial and on appeal in Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336 (4th Cir. 1994), which found that a woman had been subjected to sex discrimination under both Tile VII and the Equal Pay Act.

14. Richard Salzman is a partner in Heller, Huron, Chertkof, Lerner, Simon & Salzman. He graduated from Miami University in Ohio in 1985 and from the Georgetown University Law Center, with honors, in 1988.

15. Mr. Salzman is a member of the District of Columbia, Maryland and California bars. He is a former president of the Washington Council of Lawyers and has worked extensively as co-counsel with the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

16. Mr. Salzman has been representing plaintiffs in employment cases since 1989. He has won several substantial jury verdicts, and he has successfully argued appeals in <u>Carter-Obayuwana v. Howard University</u>, 764 A.2d 779 (D.C. 2001), a case of retaliation where the Court of Appeals reversed Rule 50 judgment for the defendant and remanded for a jury trial which resulted in a plaintiff's verdict, and in <u>Gardner v. Benefits Communications Corp.</u>, 175 F.3d 155 (D.C. Cir. 1999) (see ¶ 8 above).

17. Betty Grdina is of counsel with Heller, Huron, Chertkof, Lerner, Simon & Salzman. A native of Cleveland, she graduated from Case Western Reserve University in 1976 and from Cleveland Marshall Law School, magna cum laude, in 1981.

18. Ms. Grdina is a member of the District of Columbia and Ohio bars. From 1981 to 1995, she practiced in Cleveland, representing labor unions and employees. In 1995 she joined the legal department of the International Brotherhood of Teamsters in Washington, D.C., where she served as Deputy General Counsel. In 1999 she entered private practice in Washington.

19. Ms. Grdina has litigated scores of labor and employment cases, including <u>Midland Steel Products v. UAW</u>, 573 NE 2d 98 (S.Ct. Ohio 1991), which considered the degree of notice required to hold pickets in contempt of a restraining order, and <u>Davis v. Village of Newburgh Heights</u>, 642 F.Supp. 413 (N.D. Ohio 1986), in which an anti-picketing ordinance was declared unconstitutional. She has served as lead counsel in over 15 class actions under the Employee Retirement Income Security Act (ERISA), successfully representing union retirees who sought restoration of benefit reductions, including <u>UAW v. Alcoa Corp.</u>, 875 F.Supp. 430 (N.D. Ohio 1995), 932 F.Supp. 997

(N.D. Ohio 1996), which upheld the class claims of retirees for unmodified lifetime health benefits.

    20.  As is evident from our commitment of four experienced lawyers to the case against Up-To-Date Laundry, our law firm is prepared to devote the time and resources needed to provide vigorous and effective representation to the class.  Already, the firm's lawyers have worked a substantial number of hours on the case, and the firm has advanced significant expenses.  Should the case be certified as a class action, the firm has both the capacity and the willingness to prosecute it fully and effectively at the trial and appellate levels.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: _6/25/03_____               _____/s/_____
                                                    Douglas B. Huron