IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN NEWSOME, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No: S01-2257 |
| UP-TO-DATE LAUNDRY, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSES TO PLAINTIFFS' DOCUMENT REQUEST**

Defendant Up-To-Date Laundry, Inc.'s (hereafter, "Defendant"), through its undersigned counsel, states as follows for its response to Plaintiff's Document Requests.

- The following conditions are applicable generally to these responses:

1. Defendant's reponses refer to documents related to non-exempt employees in Departments 100 - 500. Defendant objects to providing information regarding non-exempt employees in the plant engineering Department (Dept. 800), the office (Dept. 900), hourly supervisors (Department 700) and truck drivers (Dept. 600). These jobs require specialized skills that the general production employees do not possess (certain licensing in the truck driving department, administrative and clerical skills in the office, leadership skills in the supervisors group, and skill in repairing and maintaining plant machinery and equipment in the case of the plant engineering employees), the schedules and compensation of these employees are

specified, time cards for calendar years for the period specified and annual payroll registers for 1997, 1998, 1999 and 2000.

**REQUEST NO. 2:** For each and every person identified in response to Interrogatory No. 1 above, all documents that evidence, reflect or refer to his or her employment history with defendant, including but not limited to personnel files, employment applications, records related to previous laundry work experience, seniority, hiring or firing, records of job assignments, and performance evaluations.

**RESPONSE:** Subject to the limitations set forth above and in Defendant's answer to Interrogatory No. 1, Defendant will produce the personnel files of persons employed at any time from during the period specified.

**REQUEST NO. 3:** Since August 1, 1997, all documents that explain, constitute, discuss, accompany or relate to the systems, including computer systems, used by defendant to create or store data, including electronic data, about personnel information for non-exempt employees, including compensation, date of hired and/or departure, changes in position (e.g. hiring, promotion, demotion, firing) or performance evaluations.

**RESPONSE:** Defendant believes that no responsive documents exist.

**REQUEST NO. 4:** Since August 1, 1997, all documents that evidence, refer to or reflect job qualifications and job responsibilities for all of the non-exempt employee positions at Up-To-Date.

**RESPONSE:** To the extent that any documents exist, they will be produced.

**REQUEST NO. 5:** All documents, including but not limited to manuals, guidelines, and instructions, stating, constituting or referring to the policies or procedures used by defendant for hiring decisions, compensation, changes in the rates of compensation, bonuses or incentive plans, overtime work, and job assignments, for non-exempt employees since August 1, 1997.

**RESPONSE:** Defendant believes that no reponsive documents exist.

**REQUEST NO. 6:** All employee manuals used by Up-To-Date from August 1, 1997 to the present.

**RESPONSE:** To the extent that any documents exist, they will be produced.

**REQUEST NO. 7:** All documents reflecting defendant's organizational structure from August 1, 1997 to the present, including charts and staffing tables showing incumbent supervisors with job titles.