IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN NEWSOME, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No: 01-2257 (WDQ) |
| UP-TO-DATE LAUNDRY, INC., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Up-To-Date Laundry, Inc. (hereafter, "UTDL"), Nancy Stair and Bradley Minetree have moved for summary judgment with respect to:

- Plaintiffs Newsome's and Datcher's complaints that they were denied overtime hours, assigned to the sorting area, or "soil room", and suffered a reduction of work hours because of their race, where their sworn testimony admitted that these events occurred because of their appearance at an NLRB hearing;

- Plaintiff Curtis' claims that he was denied overtime hours, assigned to the soil room and suffered a reduction of work hours because of his race, where his deposition testimony established that he was not available to work hours available to him because he had a full-time job outside UTDL and that the soil room assignment occurred many years ago because of his interaction with a female employee who was friendly with one of the individual Defendants;

- Plaintiff Lloyd's complaints that he was denied overtime hours and assigned to the soil

room because of his race, on the ground that he stated in his deposition testimony that he was not denied overtime hours and had not been given discriminatory assignments (Lloyd testified that he worked on the wash tunnel, which was located in the soil room, but was not viewed as a dirty or undesirable job);

- Plaintiff Johnson's complaints that she was denied overtime hours, assigned weekend shifts and suffered a reduction of work hours because of her race, on the ground that she testified that she had a satisfactory shift and all the work hours she wanted until she signed a Union "open letter" to encourage other employees to join the union campaign; and

- Plaintiffs Newsome's and Johnson's claims of hostile work environment on the ground that there was no evidence that they experienced a racially hostile work environment.

On July 21, 2003, Plaintiffs filed an opposition to Defendants' motion. This memorandum is submitted in reply to that opposition and in further support of Defendants' Motion for Partial Summary Judgment.

I.  **SUMMARY OF PLAINTIFF'S OPPOSITION**

Defendants' Motion for Partial Summary Judgment relies almost entirely upon admissions made by Plaintiffs in their sworn testimony in this case and/or in sworn statements made to the National Labor Relations Board.[1] Plaintiffs make several arguments why they

---

[1] Plaintiffs seem to argue that, if Defendants did not expressly deny all of their allegations in the motion for partial summary judgment, these allegations are conceded. Plaintiffs misapprehend the nature of a summary judgment motion; there is no requirement that the party making the motion deny all facts in dispute. UTDL made clear in its motion that it was not discussing allegations related to claims upon which it was not seeking summary judgment; this is not, as Plaintiffs allege, a concession that these claims have merit.

believe that summary judgment should not be granted, despite their testimony:

- They raise a generalized claim of racial discrimination and argue that this should be considered a "pattern or practice" and be sufficient to deny Defendants summary judgment on any claim in the case;

- They argue that the Plaintiffs' union activity was motivated Plaintiffs' perceptions of race discrimination and thus should be considered racial discrimination in determining whether Plaintiffs' have met their burden of presenting sufficient evidence to permit a reasonable fact-finder could conclude that the actions the have alleged occurred because of their race;

- They argue that Defendants' policies were subjective;

- They argue that Plaintiff Curtis' claims should be permitted to proceed to trial despite the fact that he has not even established a prima facie case of discrimination with respect to his "overtime" and assignment claims; and

- They argue, pointing to allegations of use of the word "nigger," of the individual defendants' expression of opinions that UTDL's Hispanic employees were harder or better workers than its Black employees, and of other statements they assert were based on race,[2] that the general work atmosphere, rather than the personal experience of Plaintiffs Johnson and Newsome, should determine whether they may maintain their hostile work environment claims.

The reasons these arguments fail to carry Plaintiffs' burden in opposing summary judgment are set forth below.

---

[2]   Plaintiffs refer to statements they obtained from former managers or supervisors as "admissions." As pointed out in Defendants' Opposition to Plaintiffs' Motion for Class Certification, statements made at a time when these individuals were no longer employed by UTDL are not admissions under F.R.Evid. 801(d)(2)(D).

## II.  PLAINTIFFS' "PATTERN OR PRACTICE" ARGUMENT

In their first argument, Plaintiffs assert that there is a "pattern or practice" of discrimination, citing their general work atmosphere allegations and their allegations of pay discrimination, and assert that this can be "compelling evidence of discrimination," citing *Lowery v. Circuit City Stores*, 158 F.3d 742, 757 (4th Cir. 1998). *Lowery* makes clear that "pattern or practice" claims are not available to individual defendants. 158 F.3d at 760-61. Although the Court did state that such evidence of a pattern or practice may be "relevant" in setting forth a *prima facie* case or establishing the plaintiff's ultimate burden to prove discrimination, the Court did not hold that it carries the plaintiffs' burdens itself or that it cancels out contradicting testimony given by the plaintiff.

As the Court stated, an individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance. 158 F.3d at 761. In this case, the Plaintiffs' own testimony demonstrates that race was not the reason for the actions upon which Defendants have sought summary judgment.

Plaintiffs do not dispute Lloyd's testimony that he had no complaints regarding his work hours or assignments in 1999. Instead they selectively cite testimony regarding his complaint that he was discriminatorily assigned to the soil room when he was reinstated in 2001 as part of the NLRB settlement. Plaintiffs neglect to include Lloyd's testimony that demonstrates that there is no evidence that this later assignment was discriminatory. Lloyd could not identify a single employee who was treated more favorably than he with respect to the jobs he claimed he wanted, other than Howard White – a Black employee who was performing one of the tunnel operator jobs. Exhibit 10 (additional excerpts from Lloyd Transcript) at 113-15. Lloyd testified

that no one in the soil room received overtime, Id. at 116, and that, once the union came in, that there was no overtime, Id. at 117-20.

### III.   PLAINTIFFS' ARGUMENTS REGARDING UNION ACTIVITY

In their Motion, Defendants pointed to Plaintiffs' sworn statements that various employment actions (*e.g.*, reduction in work or overtime hours, changes in schedule, and changes in work location) occurred because of Union activity (in the case of Plaintiffs Newsome and Datcher, because they appeared at an NLRB bargaining unit determination hearing and in the case of Plaintiff Johnson, because she signed an "open letter" circulated as part of the union organizing campaign).  Defendants asserted that these sworn statements prevented Plaintiffs from carrying their burden to produce sufficient evidence from which a reasonable fact finder could conclude that the actions alleged were based upon race.

In their Opposition, Plaintiffs argue that Defendants have asserted that Plaintiffs' union activity is a "legitimate non-discriminatory reason" for their actions.  They argue that UTDL has "shifted from one explanation to another" and that this position is pretextual because UTDL, in a position statement submitted to the NLRB, denied taking action against employees because of their union activities.

Plaintiffs' argument misstates Defendants' argument.  In their Motion, Defendants did not make any affirmative assertion that the alleged actions were in fact taken because of Plaintiffs' union activities.

Defendants' Memorandum simply points out Plaintiffs' testimony (1) that, until May of 1999, they received overtime hours and assignments to areas of the plant they requested or found acceptable and (2) that they believed that their hours had been reduced and they had been reassigned or rescheduled because of their union activity.  Defendants argued that, given this

testimony, Plaintiffs could not carry their ultimate burden of presenting evidence that the 1999 changes in hours or assignments were based upon their race. Defendants' argument is based upon Plaintiffs' own identification of reasons other than race for the treatment, not upon Defendants' testimony that these were the reasons.

Moreover, the Plaintiffs' characterizations of "shifting" and "dissembling" are certainly applicable to the gap between the pleadings in this case and the Plaintiffs' testimony. Plaintiffs were certainly Black when they received the favorable treatment with respect to overtime hours and assignments prior to the union activity. When Plaintiffs Johnson and Datcher filed charges of discrimination with the Maryland Commission on Human Relations, they did not allege any racial discrimination in assignment of overtime hours. Exhibit 11. Plaintiff Datcher did not mention assignment to the soil room.[3] Id.

Plaintiffs also now argue that their union activity was motivated by their belief that they were being discriminated against, and thus any action taken because of that union activity should be considered retaliation.[4] This argument fails on several grounds. Plaintiffs' complaint does not mention retaliation. Second, Newsome and Datcher stated that the adverse actions occurred after they appeared at the NLRB hearing. Both conceded that no testimony was taken at the hearing. Exhibit 2; Tab 8 (Datcher Transcript) at 122-23. Thus, there was no basis to assert

---

[3] To the contrary, Datcher alleges in his charge, which was signed under oath on August 30, 1999, that he worked in "box pull, tunnel," not in the soil room.

[4] The characterization of Plaintiffs' claims as retaliation for activity protected under 42 U.S.C. §1981 rather than simple race discrimination has obvious bearing upon Plaintiffs' pending motion for class certification, particularly on the issues of numerousity, commonality, typicality and the questions of appropriateness of certification under Rule 23(b)(2) or (3).

that, Defendants were aware, at the time they took the challenged actions, of the reasons for Plaintiffs' support of the union. It follows that there is no basis for a retaliation claim.

Plaintiff Johnson is the only Plaintiff who clearly alleged that Defendants acted based upon her signature on the open letter. Even if the open letter could be equated to a protest of racial discrimination and a retaliation claim were properly filed, Plaintiff Johnson cannot bring a retaliation claim, because she did not establish an adverse employment action. In order to maintain a claim of retaliation, the plaintiff must show that: "(1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action." *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001), *citing Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997). In *Von Gunten*, the Court of Appeals for the Fourth Circuit stated that adverse employment action includes only act that result in an adverse effect on the "terms, conditions, or benefits" of the plaintiff's employment. 243 F.3d at 865-66, *citing Munday v. Waste Management of North America*, 126 F.3d 239, 243 (4th Cir. 1997).

Here, Plaintiff Johnson claims that she was assigned a different work schedule only briefly, and that, when she complained to the Plant Manager about it, it was changed to accommodate her objections. Defendant's Partial Summary Judgment Memorandum at p. 10. Plaintiffs' belated allegations of retaliation are not supported and are not sufficient to avoid summary judgment on the claims of racially discriminatory denial of overtime hours and assignments.

**IV.    PLAINTIFFS' SUBJECTIVITY ARGUMENT**

Plaintiffs allege that Defendants' practices were subjective and that generalized statistics should trump Plaintiff's sworn testimony to determine if summary judgment should be granted.

As Defendants pointed out in their opposition to Plaintiffs' Motion for Class Certification, the Supreme Court has recognized the value and legitimacy of subjective factors in employment decisions and voiced concern that employers not be required to adopt quotas in creating their work forces, *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 991-93(1988), and in so doing has cautioned that the plaintiff's burden in establishing a *prima facie* case goes beyond the need to show that there are statistical disparities in the employer's work force. Where, as here, Plaintiffs have given testimony that contradicts inferences that Plaintiffs assert should be drawn from their generalized statistical evidence, the statistical evidence should be disregarded.[5]

## V.   PLAINTIFF CURTIS' ARGUMENTS

Plaintiff Curtis claims that summary judgment should not be granted with respect to his claims that he was not assigned extra work hours and was assigned to the soil room. Defendants have pointed out that Curtis identified specific reasons for the assignment, unrelated to race, and that, with respect to "overtime," he was unique in that he worked only a portion of his assigned shift because he held another job that prevented him from reporting at the start of his scheduled shift.

In fact, Plaintiff Curtis has not even established a *prima facie* case of discrimination with respect to his claims, because he has presented no evidence that he was treated less favorably than similarly situated employees because of his race. He presents no evidence that any other employee, Black or Hispanic, worked only a part of the assigned shift.

---

[5] Moreover, as Defendants pointed out in their Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs' statistical evidence has no probative value with respect to the claim of discriminatory assignment of overtime, because it does not rule out Defendants' expressed reason for Black employees working less overtime than Latinos – the fact that the Black employees were, on average, less interested in working extra hours.

While Plaintiff tries to cast Brad Minetree's explanation that an employee who came in only when convenient to him rather than for the scheduled shift would get the lowest priority for overtime as "*post hoc*," Curtis cites his own testimony that Minetree told him that "other people want to make time and money." Plaintiffs' Opposition at p. 25. As Plaintiff admitted, these other people included both Black and Latino workers from the soil room who were permitted to work overtime on the main floor. Defendant's Partial Summary Judgment Memorandum at p. 13.

**VI.    Plaintiffs' Hostile Work Environment Arguments**

Defendants moved for summary judgment with respect to the hostile environment claims of Plaintiffs Johnson and Newsome, on the ground that there was no evidence that either of these Plaintiffs had experienced conduct severe or pervasive enough to create "an environment that a reasonable person would find hostile or abusive. Johnson reported witnessing a single discriminatory comment by Stair (for which she promptly apologized) many years ago and Newsome reported witnessing a single use of the word "nigger" by Brad Minetree, a comment by Stair that she thought Hispanics are better workers, and a situation where Brad Minetree cursed at a mixed-race work crew when their machine became jammed, and might have said "trigger or nigger" or just "you dumb fucker" or "you fucked up my machine."

Plaintiffs argue that the relevant consideration is not the experiences of each of the Plaintiffs, but rather the combined "work atmosphere" created by actions alleged by various persons. This argument finds no support in law.

Plaintiffs misstate the holding of *Smith v. First Union National Bank*, 202 F.3d 234 (4th Cir. 2000). There the court did not hold that allegations regarding harassing comments made outside of a plaintiff's hearing should be considered to determine whether the "environment"

was objectively and subjectively hostile. *Smith* held only that the evaluation was not limited only to comments *about the plaintiff* – the court could consider derogatory comments regarding other female employees, made by the plaintiffs' supervisor, *in the plaintiff's presence,* to determine whether the environment was hostile.   Smith, 202 F.3d at 242.

Other cases cited by Plaintiffs are similarly inapposite, given significant differences between the facts alleged there and in this case. *See, e.g., Spriggs v. Diamond Auto Glass,* 242 F.3d 179 (4th Cir. 2001) (repeatedly calling a black employee "nigger" and making other racially derogatory comments about him and other black employees in his presence vs. the isolated incidents reported by Plaintiff Newsome); *EEOC v. R&R Ventures*, 244 F.3d 334 (4th Cir. 2001) (months of almost daily sexually harassing comments vs. the isolated comment, years past, alleged by Plaintiff Johnson).

Although the Second Circuit's opinion in *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000), does state that events not experienced by a plaintiff can contribute to a "general work atmosphere," it does not support Plaintiffs' argument in this case for several reasons.  First, there is no showing that the Fourth Circuit would adopt this point of view.  Second, *Whidbee* dealt with the exclusion of evidence of the general atmosphere at trial, where it was alleged to be probative on the issue of employer notice of the atmosphere, after the individual plaintiff had presented sufficient evidence that she had personally experienced a hostile work environment.[6]  There is no suggestion that evidence of a "general work atmosphere" should be substituted for the demonstration of objectively and subjectively hostile work environment required by Supreme Court rulings.

---

[6]   In light of this specific evidence, the *Whidbee* court held that exclusion of the "general atmosphere" evidence was harmless error.

Various cases have recognized that a plaintiff cannot prove that he/she experienced a hostile workplace by pointing to the experiences of others.  *See e.g. Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1144 (7th Cir. 1997) (emphasizing the weakness of evidence of co-workers' experience, even when it occurred in the plaintiff's presence, and concluding that such evidence could not support a hostile work environment claim); *Burnett v. Tyco Corp.*, 203 F.3d 980, 981 (6th Cir. 2000) (only considering instances of alleged harassment that were directed to the plaintiff and were within the plaintiff's knowledge); *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33, 50-51 (D.D.C. 1997) (not considering co-workers' experiences of harassment unless the plaintiff was either the object of such harassment or witnessed the harassment).

Here, there is no evidence that Plaintiffs Newsome or Johnson experienced an objectively and subjectively hostile environment.  Defendants are entitled to summary judgment with respect to these claims.

### VII.   CONCLUSION

For the reasons set forth in above and in Defendants' Motion for Partial Summary Judgment and supporting documents, Defendants requests that their Motion for Partial Summary Judgment be granted.

          Respectfully submitted,

          /s/
          _____
          Jeanne M. Phelan
          Whiteford, Taylor & Preston L.L.P.
          Seven Saint Paul Street
          Suite 1300
          Baltimore, Maryland  21202
          (410) 347-8738

          Counsel for Defendants Up-To-Date Laundry, Inc., Nancy Stair and Bradley Minetree

1507252