# DISPUTE SETTLEMENT AGREEMENT [1]

This Dispute Settlement Agreement is entered into by and between UP TO DATE LAUNDRY, INC. (the "Employer") and the MID-ATLANTIC REGIONAL JOINT BOARD, UNITE, (the "Union") on this 20th day of June 2001 with intent to be legally bound.

WHEREAS, the Employer has reviewed authorization cards and the Union has demonstrated it has received support from a majority of employees; and

WHEREAS, the parties seek to resolve the various disputes between them,

THEREFORE, the parties agree as follows:

1. The Union shall immediately end its strike against Employer and all picketing of Employer and/or at facilities of Employer's customers (the Union does not admit that it engaged in any picketing of customers) and any other form of disruption or interference in Employer's operations.

2. Employer shall return all striking employees to their former positions without any reprisals, discharge or discipline for any strike-related activity. The Union shall advise Employer by 11 AM on June 22, 2001, as to the names of the strikers who are returning, and Employer shall accept the strikers back on the following basis:
   All strikers will return on June 25 or within five working days of June 25th if they provide notice to the Company by 11 am on June 22, 2001.

3. The Employer recognizes the Union as the exclusive bargaining representative for all of its employees in the bargaining unit set forth in Article 1 of the attached Collective Bargaining Agreement.

4. The Employer agrees to reinstate the part-time employees who are the subject of NLRB Case No. 5-CA-29727 as full-time employees or the Employer shall pay any or all of such employees $250, at the employee's choice.

5. Employer releases Union, its parent and subsidiary bodies, and their officers and representatives from any form of liability from any strike-related activity, or any occurrence prior to this date, including but not limited to actions at law or equity and National Labor Relations Board charges.

6. The Employer shall pay the Union $8,000 to further settle the Union's NLRB and other charges.

7. Employer and Union agree to the Collective Bargaining Agreement attached hereto.

8. Union and its parent and subsidiary bodies release Employer, including its officers and agents, from any form of liability related to past labor disputes, including but not limited to actions at law or entity and National Labor Relations Board charges.

9. Each party shall withdraw all charges, complaints, etc. against the other party before the National Labor Relations Board, Maryland Commission on Human Relations and the Equal Employment Opportunity Commission with prejudice. Each party shall use its best efforts to secure the withdrawal of all criminal charges arising from the strike against any representative or agent of the other party.

10. The Union shall withdraw its petition in Case No. 5-RC-____ as moot. The parties shall jointly request the Director of Region 5 to close the unfair labor practice charges previously settled on the basis that compliance has been completed. Employer shall not seek refund of back pay previously paid pursuant to the settled unfair labor practice cases.

11. Union shall not, directly or indirectly, encourage, aid, abet, assist, initiate or facilitate any action by anyone against Employer, its officers and agents for any acts committed prior to this date. This, however, shall not apply to Workers Compensation claims of current or past employees of Employer. This paragraph is contingent on the withdrawal of the charges in paragraph 9.

12. Employer shall use its best effort to secure St. Joseph's Hospital's withdrawal of its pending unfair labor practice charge against Union.

13. Union will encourage any individuals who have pending charges against Employer before the Maryland Human Relations Commission and/or the Equal Employment Opportunity Commission to accept any settlement that Employer reaches with the MHRC and to execute full releases of Employer from race and sex discrimination claims based on such settlement.

14. Union will cooperate with Employer to inform Employer's customers and the public that all disputes between Employer and Union have been settled and resolved. Union will actively urge Employer's customers to return/stay as customers of Employer.

15. Union shall actively advise its allies that its dispute with Employer has ended and that a framework has been established for Employer being a responsible corporate citizen.

16. There shall be a joint press release making clear the principles set forth in Paragraphs 13 – 14 above.

17. Neither party admits any violation of any law.

18. Any disputes concerning interpretation or application of this Dispute Settlement shall be reached through the arbitration procedure in the Collective Bargaining Agreement.

Agreed to on this 20th day of June 2001:

UP TO DATE LAUNDRY, INC.

By: _____
     Nancy Stair, CEO

MID-ATLANTIC REGIONAL JOINT BOARD, UNITE

By: _____
     Ernest Bennett

W.T.P. L.L.P.

18. Any disputes concerning interpretation or application of this Dispute Settlement shall be reached through the arbitration procedure in the Collective Bargaining Agreement.

Agreed to on this 20th day of June 2001:

UP TO DATE LAUNDRY, INC.

By: _____
Nancy Stark, CEO

MID-ATLANTIC REGIONAL JOINT BOARD, UNITE

By: _____
Ernest Bennett

MEMORANDUM OF AGREEMENT *Mid-Atlantic Regional Joint Board*

This Memorandum of Agreement is made by and entered into between UP TO DATE, LAUNDRY, INC. (the "Company") and the Union of Needletrades, Industrial and Textile Employees ("UNITE" or the "Union") with an intent to be legally bound this 19th ~~20th~~ day of June, 2001.

The attached collective bargaining agreement is incorporated herein and agreed upon.

The attached Strike Settlement Agreement is incorporated herein and agreed upon.

1. Wages:
    1. Immediate wage increase:
        a. Employees on the payroll as of 4/22, shall receive $6.50 an hour or a $0.50 increase over their 4/22 wages, whichever is greater.

    2. All employees who have completed probation shall receive the following wage increases on the date set forth:
        a. 10/1/01: $0.25
        b. 6/25//02: $0.50
        c. 6/25/03: $0.50

        STARTING RATE = $6.00
        BASE RATES
        YEAR 1 = 7.00
        6/25/02 = 7.25
        6/25/03 = 7.50

    3. OK on base and progressions  PROGRESSION TO BASE AT 15¢ UPON COMPLETION OF PROBATIONARY PERIOD
    4. Rates for drivers, tunnel and scale
        Scale Operators: Base $7.25; $7.50 and $8.00    $15¢ each 3 months thereafter.
        Tunnel/Dryers: Rate is $7.00 after 60 days on tunnel/dryers. Base is $7.50; $7.75 and $8.00.
        Straight Truck Driver:
            Hire rate: $10.00
            Base: $10.75; $11.00 and $11.25    Progression as above, except increments
        Tractor-Trailer:                                       of 30¢, not 15¢.   SEE ATTACHMENT
            Hire: $12.00                                                          REGARDING
            Base: $14.00; $14.25 and $14.50                                       TRUCK DRIVERS

2. Pension:
    1. Union to provide letter that fund is fully funded
    2. Full-time employees (employee regularly scheduled for 30 hours or more a week) eligible after 5 months continuous service
    3. Contributions begin 10./1/01 (first paymt due in November 2001)
    4. $32/ month/eligible employee   5. with participation agmt

3. Health Insurance:
    1. Through Union fund    with Participation Agmt
    2. Begins on 9/1/01
    3. Full-time employees eligible after 5 months of continuous serv
    4. Rates: (**EMPLOYER SHARE**)

                          1st year    2nd year    3rd year     EMPLOYEE CO-PAY
    Employee only         170         180         190
    EE & Dependents       286         307         328          14.50
    EE & Spouse           274         295         316          19.00
    EE, Spouse & Depen.   441         473         505          22.00

    Includes life and disability insurance
    4. Overtime: Work on 6th ~~and 7th~~ day is 1 ½ times if employee is available for work ~~during entire week~~  ~~scheduled days off~~ for employee on all of his/her regular work days that payroll week.
    5. Vaccinations: 10 days (as contract)

6. Art. 12, Par. 7: delete 2nd sentence requirement that Company pay employee while awaiting determination on workers comp.   SEE LANGUAGE IN CONTRACT

7. Uniform: withdrawn

8. Scholarship: withdrawn

9. Delete Article 27. Company will maintain current level of van service. If more employees wish to use the vans than space is available, then most senior employees have preference.

10. Company and Union will share cost of printing and translating contract equally.

11. Art. 5, Par. 3, change six months to 12 months.

12. Holidays:

    8 holidays (5 fixed, 2 floating and 1 Day of Remembrance).
    Can require work on Labor Day
    1 ½ for working holiday

Strike Settlement Issues:

1. All strikers reinstated effective Monday, June 25.
2. All part-timers offered reinstatement to part-time work on previous schedule or offered $250 to resign.
3. Frankline Norlesco
4. Union agrees:
    Stop picketing
    Joint Press Release
    Actively urge customers to return/stay with Up To Date
    Inform Union's allies that we have framework in which Up To Date can become a responsible corporate citizen
5. Company secures withdrawal of charges by St. Joe's
6. Union will not encourage or support any legal action for events occurring prior to June 19, except for worker's compensation claims.
7. Union will urge individuals to accept settlement if Company settles with Maryland Human Rights Commission. Union will withdraw the charge filed in its name with the MHRC.

THIS AGREEMENT IS CONDITIONED UPON UNION RATIFICATION

Agreed to:

UP TO DATE LAUNDRY, INC.

By: ~~Brad Minetree, President~~ Nancy Stair, CEO

Mid-Atlantic Regional Joint Board
UNION OF NEEDLETRADES, INDUSTRIAL AND TEXTILE EMPLOYEES

By: _____
    Ernest Bennett, International Vice President

5. Company secures withdrawal of charges by St. Joe's
6. Union will not discourage or support any legal action for events occurring prior to June 19, except for worker's compensation claims.
7. Union will urge individuals to accept settlement if Company settles with Maryland Human Rights Commission. Union will withdraw the charge filed in its name with the MHRC.

THIS AGREEMENT IS CONDITIONED UPON UNION RATIFICATION

Agreed to:

UP TO DATE LAUNDRY, INC.

By: _____, CEO
Brad Minebee, President  Nancy Stair, CEO

Mid-Atlantic Regional Joint Board

UNION OF NEEDLETRADES, INDUSTRIAL AND TEXTILE EMPLOYEES

By: _____
Ernest Bennett, International Vice President