UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, et al. | |
| Plaintiffs, | |
| v. | Civil Action No. S01-2257 (WDQ) |
| UP-TO-DATE LAUNDRY, INC., et al. | |
| Defendants. | |

**NOTICE OF SETTLEMENT OF CLASS ACTION**

The purpose of this notice is to advise you of a proposed settlement in the case known as *Newsome v. Up-To-Date Laundry*, which is sometimes referred to as *Newsome*. You may be entitled to participate in the settlement fund of $1,830,000, which Up-To-Date Laundry (UTDL) and the other defendants have agreed to establish. Before any money is distributed, however, the settlement must first be approved by the Court, and you have the right to comment or object before the Court acts. In addition, you **must** submit a Claim Form to be entitled to receive any of the settlement money. On the other hand, if you do not wish to participate in the settlement, you have a right to opt out by submitting an Opt Out Form.

The background of the *Newsome* case, as well as a summary of the proposed settlement and an explanation of your rights, are set forth below. **YOU ARE ADVISED TO CAREFULLY READ THIS NOTICE AND THE ENCLOSED PROPOSED SETTLEMENT AGREEMENT.**

**BACKGROUND**

*Newsome* was originally filed in United States District Court in Baltimore in August 2001 by five former African-American hourly workers at UTDL. They charged that UTDL and the other defendants discriminated against black workers in terms of pay, overtime opportunity and job assignment. They also said that UTDL and the other defendants maintained a hostile work environment based on race. All defendants denied these charges.

In January 2004, United States District Judge William D. Quarles ruled that the case could go forward as a class action. Shortly after that, the five former employees who brought the case, along with their lawyers, began settlement discussions with UTDL and the other defendants. After much bargaining, the negotiations resulted in a proposed settlement and a proposed Consent Decree, which is enclosed. By agreeing to settle, the defendants are not admitting any wrongdoing.

Before any class action can be settled, the law requires that the Court review and approve it after first giving all class members an opportunity to comment or object. In this case, Judge Quarles will conduct the review, which will include a Fairness Hearing on _____, 2004.

You should carefully read this Notice and the enclosed proposed Consent Decree before you decide whether you want to submit comments to the Court. You also need to decide whether you want to receive money from the settlement fund, in which case you **must** submit the enclosed Claim Form. Or, if you do not wish to participate in the settlement, you may opt out by submitting the enclosed Opt Out Form.

You are free to consult any lawyer about this, and you can also contact counsel for the class if you have questions:

Philip J. Simon
Richard A. Salzman
Douglas B. Huron
Betty Grdina
Heller, Huron, Chertkof, Lerner, Simon & Salzman
1730 M Street, NW
Suite 412
Washington, DC  20036
(202) 293-8090

In addition, a toll free number has been established for you to call with any questions: (866) 854-5148.

## SUMMARY OF SETTLEMENT

**Class Definition.** The class of individuals who are eligible to participate in the settlement is defined as:

> all African Americans employed by UTDL as hourly workers in non-management positions in Departments 100 through 500 and 1001 at any time from August 1, 1998 through January 23, 2004.

You **must** fit within this definition in order to be eligible to receive anything under the settlement.

**Non-Monetary Requirements.** UTDL and the other defendants will not (1) discriminate against African-American employees based on race, including but not limited to the payment of base wages, assignment of overtime work, and assignment to the Soil Room, (2) engage in harassment or other demeaning or offensive conduct based on race, including but not limited to the use of racial slurs, epithets or stereotypes, or (3)

retaliate against African-American employees for opposing discrimination and/or harassment.

In addition, UTDL will adopt a policy designed to prevent racial harassment in the workplace, and to punish those responsible if it occurs. And the company will conduct annual training sessions for all employees that incorporate the subject of racial harassment.

The lawyers for the class will have the authority to monitor UTDL's compliance with these requirements, and UTDL will make information available to facilitate monitoring. If problems arise with compliance and these cannot be settled informally, the lawyers for the class will be able to go to court.

These non-monetary requirements will be in effect for three years.

**Monetary Relief.** UTDL and the other defendants will pay a total of $1,830,000 in six deposits:

(1) $450,000.00 within 30 days of the Court's approval of the settlement;
(2) $450,000.00 on the first anniversary of Court approval;
(3) $330,000.00 on the second anniversary of Court approval;
(4) $200,000.00 on or before August 31, 2007;
(5) $200,000.00 on or before April 30, 2008;
(6) $200,000.00 on or before December 31, 2008.

This money will be distributed on three occasions to eligible individuals who fit within the class definition (set forth above), **and who submit a valid Claim Form**:

(1) within 180 days of the first deposit;
(2) within 90 days of the third deposit;
(3) within 90 days of the sixth deposit.

The money will be distributed according to the following formula:

First, all eligible individuals who worked at UTDL at all from August 1, 1998 through December 31, 1999 will receive back pay in an amount equal to one dollar for each hour worked during this period. These payments will be subject to legally required withholding.

Second, after the total amount of back pay has been determined (and after the amounts for the five class representatives, and for monitoring and administration and attorneys' fees, have been set aside as discussed below), all remaining amounts from each deposit will comprise a Damages Fund. Payments from this Fund will be made in accordance with a formula in which eligible individuals are credited with points based on length of service (measured in blocks of 160 hours, which is approximately one month), and time of service:

3

| | |
|---|---|
| (1) fewer than 160 hours | 0 points |
| (2) each block of 160 hours between 7/1/01 and 1/23/04 | 1 point |
| (3) each block of 160 hours between 8/1/98 and 6/30/01 | 4 points |

After all eligible individuals have been given points, the points will be totaled, and each individual's percentage of the total points will be computed (for example, 1.2%). The same percentage will then be applied to the money in the Damages Fund, and the resulting amount will be distributed.

Third, $12,500 will be disbursed to each of the five class representatives (that is, the five people who brought the *Newsome* case) as a premium for their representation of the class and for their work in securing this settlement. In addition, a total of $100,000 will be set aside to defray the costs of administering and monitoring the settlement, and a total of $525,000 will be paid to class counsel for their work on the case. Class counsel will also be paid $85,000 to reimburse their expenses.

Fourth, any interest that accrues on deposits will be distributed to eligible individuals, and so will any amounts remaining from the money set aside for administration and monitoring. But if the remainder of undistributed funds is less than $7,500, the money will not be distributed but will instead be donated to the NAACP Legal Defense and Education Fund, Inc.

Any money received by eligible individuals as a result of the settlement will be subject to taxation. And as noted above, payments of back pay will be subject to legally required withholding.

It is not possible to determine at this time how much money, if any, you will receive under this formula. Class counsel will determine the amounts due each class member under this formula, and their determinations will be final.

**Effect of Settlement.** One result of this settlement would be to end the *Newsome* case fully and finally. This means that, if the settlement is approved and goes into effect, all rights that class members may have had because of the case will be extinguished in return for the benefits described above. In particular, you will be bound by the terms of the Consent Decree unless you elect to opt out by filing an Opt Out Form.

Finally, this summary of the settlement is just that -- a summary. The Consent Decree has many details. To understand the settlement fully, you must read the enclosed proposed Consent Decree.

## YOUR RIGHTS AND RESPONSIBILITIES UNDER THE SETTLEMENT

**Comments and Objections at the Fairness Hearing.** Judge Quarles will conduct a Fairness Hearing on this settlement on _____, 2004 at _____ in Courtroom __ in the United States Courthouse at 101 W. Lombard Street in Baltimore.

4

You may comment on, or object to, the proposed settlement at the Fairness Hearing, provided that you notify the Court of your interest in doing that by _____, 2004 [90 days of the date of preliminary approval]. Your notice should refer to the number of the *Newsome* case, which is S01-2257 (WDQ), and it **must** include your name and Social Security number. You should mail it to:

> Clerk
> United States District Court
> 101 W. Lombard Street
> Baltimore, MD  21201

You must also send a copy of your notice to class counsel at the address listed above.

You may also comment or object in writing at the same address, but any written comments or objections must also be submitted by _____, 2004. You should refer to the number of the *Newsome* case, S01-2257 (WDQ), and you **must** include your name and Social Security number. You must also send a copy of your written comments or objections to class counsel at the address listed above.

**Claim Form.**  If you wish to participate in this settlement and receive money from the settlement fund, you **must** complete the enclosed Claim Form, and return it to the address specified, by _____, 2004 [90 days of the date of preliminary approval].

**Opt Out Form.**  If you do not wish to participate in this settlement, and you do not wish to receive money from the settlement fund, you **must** complete the enclosed Opt Out Form, and return it to the address specified, by _____, 2004 [90 days of the date of preliminary approval].

**Final Note.**  If you do not submit either the Claim Form or the Opt Out Form, you will be bound by the terms of the settlement, but you will not be eligible to receive any money. **Do not submit both forms.**  If you do, neither one will be valid.