UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MELVIN NEWSOME, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UP-TO-DATE LAUNDRY, INC., et al.<br><br>Defendants. | Civil Action No. S01-2257 (WDQ) |

**CONSENT DECREE**

WHEREAS, the five named plaintiffs, African Americans who were hourly production employees of defendant Up-To-Date Laundry, Inc. ("UTDL"), have brought this suit against UTDL and individual defendants Nancy Stair and Brad Minetree under 42 U.S.C. § 1981, claiming that these defendants engaged in a pattern or practice of intentional racial discrimination against UTDL's black employees; and

WHEREAS, UTDL and defendants Nancy Stair and Brad Minetree filed answers denying these allegations; and

WHEREAS, plaintiffs filed a motion for class certification, which the Court granted as to issues of class-wide liability and injunctive relief, and conditionally granted as to issues of individual and class-wide monetary relief, on January 23, 2004; and

WHEREAS, the Court then appointed Magistrate Judge Gauvey to conduct a settlement conference, which occurred on March 31, 2004, and the parties have entered into an agreement to resolve this matter without the burden and expense of further contested litigation;

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the Parties, it is

**ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Federal, state and local statutes prohibiting discrimination in employment and will be in the best interests of the parties and those for whom the named class representatives seek relief.

4. This Decree shall not constitute an adjudication and/or finding on the merits of the case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other legal proceeding against any of the Defendants.

5. This Decree resolves all claims arising out of the Complaint filed in this action, and constitutes a complete resolution of all claims of racial discrimination, racial harassment, retaliation and/or constructive discharge under 42 U.S.C. §1981 that were made or could have been made in this action.

6. This Decree comprises the full and exclusive agreement of the parties with respect to the matters discussed herein. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Decree (including the Exhibit attached hereto and the Supplement filed under seal).

I.  **CLASS CERTIFICATION**

7. The following class is unconditionally certified under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure: all African Americans employed by UTDL as hourly workers in non-management positions in Departments 100 through 500 and 1001 at any time from August 1, 1998 through January 23, 2004.

II.  **DEFINITIONS**

8. The following definitions shall govern for purposes of this Consent Decree:

   (a) Plaintiff class – the class certified in Paragraph 7.

   (b) Class representatives – the five named plaintiffs in this action: Rudolph Curtis, Herbert Lee Datcher, Veronica Johnson, Joseph Lloyd and Melvin Newsome.

   (c) Defendants – the three defendants in this action: Up-To-Date Laundry, Inc., Nancy Stair and Brad Minetree.

   (d) Class counsel – the counsel of record for the plaintiff class: Heller, Huron, Chertkof, Lerner, Simon & Salzman, PLLC.

   (e) Court approval – the date on which the Court's grant of final approval to this Consent Decree is entered on the Court docket.

   (f) Effective date – the date of Court approval or, if there is an appeal, the date of final disposition of the appeal.

III.  **INJUNCTIVE PROVISIONS**

9. These provisions of this section of the Consent Decree shall be in effect for a period of three years from the effective date of the Decree.

10. Defendants and their agents shall not (1) discriminate against African-American employees based on race, including but not limited to the payment of base wages, assignment of

overtime work, and assignment to the Soil Room, (2) engage in harassment or other demeaning or offensive conduct based on race, including but not limited to the use of racial slurs, epithets or stereotypes, or (3) retaliate against African-American employees for opposing discrimination and/or harassment.

11. UTDL shall adopt, implement and enforce a policy designed to prevent racial harassment in the workplace, and to punish those responsible if it occurs. The policy shall be in writing, shall apply to both management and non-management personnel, shall be distributed to all current and newly hired employees, and shall include the following:

(a) A prohibition of all forms of racial harassment, including a detailed statement of prohibited conduct;

(b) A schedule of disciplinary action for specific violations;

(c) A convenient and effective procedure for employees to report allegations of racial harassment, and for defendants to investigate such allegations and to take appropriate remedial action;

(d) The designation of a management official, other than Nancy Stair, Brad Minetree or David Minetree, responsible for receiving, investigating and resolving allegations of racial harassment.

12. UTDL shall provide, on company time, education and training sessions on its policies and procedures that incorporate the subject of racial harassment. This training shall be given to all employees, including both management and non-management personnel, once each year during the term of this Consent Decree.

13. UTDL shall file all legally required reports concerning equal employment opportunity, such as EEO-1 reports, and shall provide copies of these reports to class counsel.

14. UTDL shall maintain all materials developed to comply with the terms of this Consent Decree, including policies discussing racial harassment, materials concerning training incorporating racial harassment topics, and records of employees who received this training.

15. The policy on racial harassment required by ¶ 11 shall be submitted to class counsel within 60 days of the effective date. Class counsel shall also confirm that the education and training sessions occur as required by ¶ 12. In this regard, UTDL shall provide class counsel with the dates of training, the names of the employees in attendance, and other information reasonably requested.

16. Class counsel shall have the right, at their sole discretion, to investigate and attempt to resolve a complaint by any African-American employee who alleges that defendants have violated the Injunctive Relief set forth in ¶ 10. It is not intended that this provision will permit African-American employees to bypass internal complaint or grievance procedures created by UTDL policies, such as the policy identified in ¶ 11 above or the collective bargaining agreement between UTDL and UNITE. Defendants shall provide documents reasonably requested by class counsel during their investigation of a complaint, including but not limited to payroll and assignment records. This paragraph shall not limit whatever other rights that African-American employees may have to assert violations of law regarding equal employment opportunity.

IV.  **MONETARY RELIEF**

17. Defendants shall pay a total of $1,830,000.00 (the "settlement sum") to resolve all claims for monetary damages that were raised in this case, including all costs, expenses and attorneys' fees incurred prior to the effective date and all costs, expenses and fees, including attorneys' fees, incurred for administration of this Consent Decree, other than those set forth in ¶ 24(c). Defendants shall be jointly and severally liable for this amount. Provided that the Court's

final approval of this Consent Decree occurs on or before December 31, 2004, Defendants will pay the settlement sum, via check made payable to the Trust Account of class counsel, according to the following schedule:

    (a) $450,000.00 within 30 days of the Court's approval of this Consent Decree;

    (b) $450,000.00 on the first anniversary of Court approval;

    (c) $330,000.00 on the second anniversary of Court approval;

    (d) $200,000.00 on or before August 31, 2007;

    (e) $200,000.00 on or before April 30, 2008;

    (f) $200,000.00 on or before December 31, 2008.

18. If the Court's final approval of this Consent Decree occurs after December 31, 2004, either party may elect to withdraw from the Consent Decree within 30 days of the Court's final approval, in which case the Decree shall be considered null and void.

19. In the event class members request exclusion in the manner provided below, Defendants shall have the options set forth in the Supplement to Consent Decree filed under seal.

20. Until all payments required by this Consent Decree have been made, the plaintiff class shall be permitted to have a security interest in the real and personal property of Defendants in an amount equal to the unpaid balance, which shall be subordinate to any other security interests in place as of the effective date of this Decree and to all other security interests granted after that date to bona fide lenders, including equipment lessors, who provide funds to permit UTDL to purchase equipment and other business assets, maintain the plant and equipment and carry on business operations (including making the payments required under this Decree). If the plaintiff class wishes to make any filings of security interest, including but not limited to any financing statements or other security agreements to be recorded, they shall forward the proposed

filing to UTDL's attorney, Alan Betten at Kandel, Klitenic, Kotz & Betten, L.L.P., Suite 610, Nottingham Centre, 502 Washington Avenue, Towson, MD 21204, at least 15 days prior to the intended date of filing. If any bona fide lender wants written acknowledgment of the subordination of the plaintiff class's interest to that of the bona fide lender, the plaintiff class, through class counsel, will provide such documentation within 15 days of receipt of the request.

21. If UTDL files for bankruptcy before the settlement sum has been paid, then the plaintiff class shall be permitted to file a liquidated claim in the bankruptcy proceeding in an amount equal to 150 percent of the remaining balance, provided that such claim shall not constitute a non-dischargeable debt.

22. Once the Court's approval has become final and after defendants have begun making the required payments, payment shall be made to members of the plaintiff class, and to class counsel, in accordance with the schedule and formula set forth in Exhibit 1 hereto. Should an appeal be filed, all distributions will be postponed until the final disposition of the appeal. Checks to members of the plaintiff class shall be valid for a period of six months. Only those class members who submit Claim Forms on a timely basis will be eligible for Monetary Relief under this Consent Decree. Class counsel shall determine the amounts due each class member, and such determinations will be final. Defendants shall have no responsibility or obligation with respect to the distributions.

## V. RETENTION OF JURISDICTION

23. The Court shall retain jurisdiction over the Injunctive Provisions set forth in Section III of this Decree for a period of three years following the effective date. This period may be extended upon a showing of good cause. The Court shall retain jurisdiction over the Monetary Relief set forth in Section IV until Defendants have made all required payments.

24. Seeking relief for alleged violations of the Consent Decree:

(a) Only class counsel may seek relief from the Court for an alleged violation of the terms of this Consent Decree.

(b) Before seeking relief for violations of the Consent Decree, the party seeking relief must present the alleged violation to the opposing party, and the parties shall attempt in good faith to reach a resolution. If 30 days have passed and no resolution has been reached, the party may file a motion seeking relief from the Court.

(c) If a motion is filed under this paragraph and the moving party prevails, the Court will award such relief as will fully remedy the violation, which may include an award of attorneys' fees.

## VI. RESOLUTION OF CLAIMS

25. Upon the Effective Date, any and all claims against defendants arising on or before January 23, 2004 and based on racial discrimination, including but not limited to claims before the Maryland Commission on Human Relations, shall be resolved and extinguished for the class representatives and all class members, except for those who have opted out as provided in ¶ 28.

## VII. PROCEDURES FOR SECURING COURT APPROVAL

26. Upon execution of this Consent Decree, the parties will submit it to the Court for preliminary approval, and counsel for both parties shall recommend that the Court approve the agreement as fair, adequate and reasonable.

27. No later than the date of execution of this Consent Decree, defendants shall provide class counsel: (a) electronic copies (via e-mail or disk) of any electronic compilations in their possession listing employees employed as hourly workers in non-management positions in Departments 100 through 500 and 1001 at any time from January 1, 2000 through January 23,

2004; and (b) copies of annual Employee Earnings Records (from Paychex) for African-American employees who were employed as hourly workers in non-management positions in Departments 100 through 500 and 1001 from January 1, 2000 through January 31, 2004 (as of December 31 of each year for each employee, except for records for 2004).

28. Within 30 days following preliminary Court approval of this Consent Decree, the class members will be given Notice by mail to the last known address, and by publication in two Sunday editions of the Baltimore Sun and the Baltimore Afro American. The Notice shall summarize the terms of this Consent Decree and shall inform class members of the date set by the Court for the Fairness Hearing, which shall be approximately 120 days after preliminary approval. The Notice shall also inform class members that (a) they have the right to opt out of the class by returning an Opt-Out Form within 90 days of preliminary approval, (b) all class members who have not submitted a timely Opt-Out Form will be bound by the terms of this Consent Decree, (c) they can participate in the monetary relief provided in Section IV only if they return a Claim Form within 90 days of preliminary approval, and (d) they can comment, or object, at the Fairness Hearing only if they notify the Court and counsel within 90 days of preliminary approval. A copy of this Consent Decree shall be included with the mailed Notice. Before disseminating the Notice or the Opt-Out Form or Claim Form, the parties shall present these documents to the Court for approval. Class counsel will provide a copy of the proposed Notice to Defendants at least seven (7) days prior to presenting it to the Court.

29. At the Fairness Hearing and in all related pleadings, counsel for both parties shall recommend that the Court grant final approval to this Consent Decree as fair, adequate and reasonable. The parties do not intend this Decree (including Exhibit 1 and the Supplement) to be severable; if it is not approved in its entirety, it will be null and void.

| | |
|---|---|
| /s/ | /s/ |
| Jeanne M. Phelan | Philip J. Simon 12893 |
| WHITEFORD TAYLOR & PRESTON | Richard A. Salzman |
| Seven Saint Paul Street | Douglas B. Huron 12888 |
| Baltimore, MD 21202 | Betty Grdina 15647 |
| | HELLER, HURON, CHERTKOF |
| | LERNER, SIMON & SALZMAN |
| | 1730 M Street, NW, Suite 412 |
| | Washington, DC 20036 |
| Counsel for Defendants | Counsel for Plaintiffs |

FINALLY APPROVED AND ORDERED this 23 day of Nov, 2004.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## DISTRIBUTION FORMULA

Subject to Paragraphs 18 and 19 of the Consent Decree, Defendants, including Up-To-Date Laundry, Inc. (UTDL), will be paying a total of $1,830,000 in six deposits, under the schedule set forth in Paragraph 17 of the Decree.

1. There will be three distributions of money to eligible individuals. Provided that there is no appeal of any order finally approving the Consent Decree, these distributions will occur:

   (a) within 180 days of the first deposit;
   (b) within 90 days of the third deposit;
   (c) within 90 days of the sixth deposit.

Any interest that accrues on deposits may be used to defray expenses associated with costs of administration and monitoring of the Consent Decree.

2. To be eligible for a distribution of money, an individual (a) must be an African American who was employed by UTDL as an hourly worker in a non-management position in Departments 100 through 500 at any time from August 1, 1998 through January 23, 2004, and (b) must submit a valid Claim Form.

3. All eligible individuals who worked at UTDL at all from August 1, 1998 through December 31, 1999 will receive back pay in an amount equal to one dollar for each hour worked during this period. These payments will be subject to legally required withholding.

4. After the total amount of back pay has been determined, and after the amounts in Paragraphs 5 and 6 have been set aside, all remaining amounts from each deposit will comprise a Damages Fund. Payments from this Fund will be made in accordance with a formula in which eligible individuals are credited with points based on length of service (measured in blocks of 160 hours, which is approximately one month), and time of service:

   (a) fewer than 160 hours                                   0 points
   (b) each block of 160 hours between 7/1/01 and 1/23/04     1 point
   (c) each block of 160 hours between 8/1/98 and 6/30/01     4 points

After all eligible individuals have been given points, the points will be totaled, and each individual's percentage of the total points will be computed (for example, 1.2%). The same percentage will then be applied to the money in the Damages Fund, and the resulting amount will be distributed.

5. From the first deposit, $12,500 will be disbursed to each of the five class representatives as a premium for their representation of the class. In addition, a total of $100,000 will be set aside to defray costs of administration and monitoring, $50,000 from each of the first two deposits. To the extent that the full $100,000 is not needed to defray costs of administration and monitoring,

the unused balance will be distributed to eligible individuals in accordance with this formula. The same will be true of any interest on deposits.

6. Class counsel will be entitled to $525,000 in attorneys' fees and $85,000 in expenses, or a total of $610,000, to be disbursed as follows: $155,000 from the first deposit, $155,000 from the second deposit, $150,000 from the third deposit, and $50,000 from each of the last three deposits.

7. If following all distributions, there is a remainder of undistributed funds that is less than $7,500, that remainder will not be distributed but will instead be donated to the NAACP Legal Defense and Education Fund, Inc.